UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NATALIE GRAINGER,

                      Plaintiff,

        -v-

WESTCHESTER COUNTRY CLUB, INC.,
MARK CHRISTIANA, and TOM NEVIN,

                      Defendants.
-------------------------------------------------------------X

Case No. 7:23-cv-01802 (CS)

      WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.     Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or non-public business, commercial, financial, or otherwise sensitive information. Information and documents designated by a party as confidential will be stamped or otherwise clearly marked as "CONFIDENTIAL."  Deposition testimony may be designated as "Confidential" either on the record during the deposition or within ten (10) business days of receipt of the transcript.

      2.     The Confidential Information disclosed will be held and used by the person receiving it solely for use in connection with this action, and shall not be disclosed by the person receiving such it to anyone else except as expressly permitted by this Order.

      3.     In the event a party objects to another party's designation of confidentiality, counsel for the objecting party shall serve upon counsel for the designating party a written notice stating with particularity the grounds of the objection.  Counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the objecting party may seek resolution by the Court. Nothing in this Stipulation and Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

      4.     The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed by the receiving party or their counsel to any person, except:

       a.       The receiving party's other counsel (if any), including in-house counsel;

       b.       Employees of such counsel assigned to and necessary to assist in the litigation;

       c.       Consultants or experts assisting in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed an Agreement in the form attached to this Order;

       d.       As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

       e.       Any witness called to testify at a deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed an Agreement in the form attached to this Order;

       f.       Stenographers and videographers engaged to transcribe or record depositions conducted in this litigation;

       g.       The Court (including a court mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

       h.       Any other person to whom the parties agree, in writing, to disclose a particular document(s), provided such person has first executed an Agreement in the form attached to this Order.

5.       Prior to disclosing or displaying the Confidential Information to any person referred to in subparagraphs 4(c), 4(e), or 4(h) above, counsel must:

       a.       Inform the person of the confidential nature of the information or documents;

       b.       Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

       c.       Require each such person to sign an agreement to be bound by this Order in the form attached hereto. Counsel shall retain a copy of each signed Agreement.

6.       The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. At any time prior to the trial of this action, the producing party may designate as "confidential" any document or information previously disclosed by informing all

parties in writing. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order; provided, however, that the non-designating party retains the right to object to the designation and to seek resolution of any dispute by the Court, as set forth in Section 3 above.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing person or, upon permission of the producing person, certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

Dated: August 29, 2023

| **WIGDOR LLP** | **GORDON REES SCULLY MANSUKHANI, LLP** |
|---|---|
| By: _____ | By: _____ |
| Valdi Licul | Mercedes Colwin |
| Kassandra Vazquez | John T. Mills |
| 85 Fifth Avenue | Hannah Kucine |
| New York, NY 10003 | One Battery Park Plaza, 28th Floor |
| Telephone: (212) 257-6800 | New York, NY 10004 |
| Facsimile: (212) 257-6845 | Telephone: (212) 269-5500 |
| vlicul@wigdorlaw.com | Facsimile: (212) 269-5505 |
| kvazquez@wigdorlaw.com | mcolwin@grsm.com |
|  | jtmills@grsm.com |
|  | hkucine@grsm.com |

*Counsel for Plaintiff*

*Counsel for Defendants*

SO ORDERED.

_____
HON. CATHY SEIBEL
U.S.D.J.

Dated: August 29, 2023

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____



_____
Name:


Signed in the presence of:

_____
(Attorney)