

**Valdi Licul**
vlicul@wigdorlaw.com

October 18, 2023

**VIA ECF**

The Honorable Cathy Seibel
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:     Natalie Grainger v. Westchester Country Club, Inc., et al.; No. 7:23-cv-01802 (CS)

Dear Judge Seibel:

We represent Plaintiff Natalie Grainger ("Plaintiff") and write pursuant to Your Honor's Individual Practices in Civil Cases to request a conference prior to filing a motion to compel discovery in the above-referenced matter.  Plaintiff brought this Complaint to seek redress for Defendants' violations of Title VII of the Civil Rights Act ("Title VII"), the New York State Human Rights Law and the New York Not-for-Profit Corporations stemming from Plaintiff's former employment with Defendant Westchester Country Club, Inc. ("WCC").  Despite this Court's scheduling orders and Plaintiff's good faith attempts to facilitate discovery, Defendants WCC, Mark Christiana ("Christiana") and Tom Nevin ("Nevin") (together, "Defendants") have, as explained below, failed to properly produce documents and provide information. Plaintiff therefore seeks the Court's leave to file a Motion to Compel Document Production and Responses to Interrogatories.

**I.      DEFENDANTS FAILURE TO PRODUCE DOCUMENTS**

Plaintiff filed this Complaint on March 2, 2023, against her former employer WCC, Christiana (Board President) and Nevin (WCC Manager).  See Dkt. No. 1.[1]  On June 28, 2023, Your Honor ordered a Civil Case Management Plan and Scheduling Order that required the parties to complete depositions by November 28, 2023, and complete discovery by December 28, 2023. See Dkt. No. 26.  Plaintiff responded to Defendants' Requests for the Production of Documents ("Document Requests") and Interrogatories on August 28, 2023, producing over two hundred (200) pages of documents.  On that same day, Defendants responded to Plaintiff's Document Requests and Interrogatories, however, Defendants did not produce a single document.

---

[1]     On September 29, 2023, Plaintiff filed an Amended Complaint adding claims of discrimination and retaliation under Title VII.  See Dkt. No. 33.



Hon. Cathy Seibel
October 18, 2023
Page 2

On August 31, 2023, the parties outlined and exchanged their respective discovery issues *via* email. Shortly thereafter, the parties met and conferred on their respective discovery issues during which the parties agreed that a brief extension was warranted to facilitate further document production. Accordingly, on September 8, 2023, the parties jointly requested an extension to October 16, 2023 to raise discovery issues to the Court, which was granted. See Dkt Nos. 29-30. Thereafter, the Court granted an additional extension until October 30, 2023 to raise discovery issues to the Court. See Dkt. No. 32. To facilitate discovery, Plaintiff repeatedly followed up with Defendants regarding an ESI protocol to no avail. On October 7, 2023, Defendants provided Plaintiff with proposed search terms for the ESI protocol which was finalized on October 10, 2023.

Since that date, Plaintiff has made two (2) additional productions of documents and produced over three hundred (300) additional pages. To date, Defendants have produced no documents in connection with Plaintiff's Document Requests. In fact, Defendants stated that they would provide Plaintiff documents on a "rolling basis," however, have not provided Plaintiff a date certain that their production would begin or end which is improper in itself. See Fischer v. Forrest, No. 14 CIV 1304 (PAE) (AJP), 2017 WL 773694, at *1 (S.D.N.Y. Feb. 28, 2017) (responses to discovery requests must "[s]pecify the time for production and, if a rolling production, when production will begin and when it will be concluded").

The parties met and conferred on October 18, 2023, regarding outstanding discovery issues. During the meet and confer, Defendants again stated that they would produce documents on a "rolling basis," but did not have a date certain that the production would begin or end.[2] Also during the meet and confer, Defendants refused to produce relevant documents and information concerning complaints of sexual misconduct of WCC members or complaints of discrimination and/or sexual harassment not specifically alleged in the Complaint. As detailed herein, Defendants' lack of production and refusal to produce relevant documents and information is without basis.

## II. DEFENDANTS IMPROPER REFUSAL TO PRODUCE RELEVANT DOCUMENTS AND INFORMATION

In addition to failing to produce any documents in response to Plaintiff's Document Requests, Defendants have also improperly refused to produce certain categories of relevant documents and information. Specifically, Defendants have refused to produce:

- Documents concerning: (1) investigation into Plaintiff's complaint of discrimination and retaliation; (2) other complaints of discrimination by WCC members and/or employees and any investigation into those complaints of discrimination; and (3)

---

[2] Defendants suggested, but did not commit, to completing their production in three weeks.



Hon. Cathy Seibel
October 18, 2023
Page 3

       reports of misconduct by WCC members and any investigation into those reports of misconduct[3].

- The identities of: (1) WCC employees who has reported discrimination, sexual assault and/or harassment; (2) WCC members who have reported misconduct of other WCC members; (3) WCC members that have been subjected to discipline in connection with a complaint of misconduct lodged against them; and (4) every person whom Defendants sought and/or obtained a statement from and/or interviewed regarding this action.

    It is well-settled that discriminatory intent "may be proven through circumstantial evidence…such as evidence of past conduct or incidents." Eaton v. Am. Media Operations, Inc., No. 96 CIV. 6158 MBM, 1997 WL 7670, at *5 (S.D.N.Y. Jan. 9, 1997).  As such, courts routinely order the disclosure of internal complaints.  See, e.g., Sasikumar v. Brooklyn Hosp. Ctr., No. 09 Civ. 5632 (ENV) (RML), 2011 WL 1642585, at *3 (E.D.N.Y. May 2, 2011) (ordering production of four years of discrimination complaints); Peterson v. City Coll. of City Univ. of New York, 160 F.R.D. 22, 24 (S.D.N.Y. 1994) (compelling discovery of internal complaints without any stated limitation).  Therefore, Defendants refusal to produce documents and information regarding reports of sexual misconduct and/or discrimination and corresponding investigations is wholly improper.

    Moreover, Defendants contend that the identities of individuals whom Defendants sought and/or obtained a statement from and/or interviewed regarding this action are privileged. Defendants assertion is incorrect.  In fact, this court has held that the work product privilege "does not…ordinarily protect the identities of … witnesses." In re Initial Pub. Offering Sec. Litig., 220 F.R.D. 30, 34 (S.D.N.Y.2003).  Accordingly, Defendants cannot withhold the identities of individuals with relevant information.

For the foregoing reasons, Plaintiff requests a pre-motion conference on her Motion to Compel Defendants to provide prompt responses to her Document Requests and Interrogatories.  We thank the Court for Your Honor's attention to this matter.

Respectfully submitted,

Valdi Licul

---

[3]     During the October 18, 2023 meet and confer, Plaintiff's counsel narrowed the Document Requests and Interrogatories concerning WCC member "misconduct" to include only sexual misconduct.  Nevertheless, Defendants refused to produce relevant information and documents to these requests.