MERCEDES COLWIN
MCOLWIN@GRSM.COM

JOHN T. MILLS
JTMILLS@GRSM.COM

HANNAH KUCINE
HKUCINE@GRSM.COM



ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NEW YORK 10004
WWW.GRSM.COM

October 23, 2023

**VIA ECF**
The Honorable Cathy Seibel, U.S.D.J.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

      Re:   *Natalie Grainger v. Westchester Country Club, Inc., et. al.*
             **Case No.: 7:23-cv-01802 (CS)**

Dear Judge Seibel:

    This firm represents Defendants in connection with the above-referenced matter. We write in response to Plaintiff's letter to request a conference prior to filing a motion to compel filed on October 18, 2023. In brief, Defendants dispute in the strongest terms Plaintiff's allegation that Defendants have failed to produce relevant documents or are refusing to do so.

### I.   Defendants Have Made, and Will Continue to Make, Substantial Responsive Production

    Plaintiff severely misrepresents the status of document production in this matter. Pursuant to this Court's Pilot Discovery Protocols, on June 20, 2023, Defendants produced well over two hundred pages of documents that are directly relevant to this matter, and further that are responsive to the requests for production Plaintiff ultimately served on Defendants on July 13, 2023. It is unsurprising that Plaintiff has produced more responsive documentation in the time since her initial production, as her initial production was merely *seventeen pages*, including only her seven-page offer letter, three-page resume, one email, and the six-page text of a speech Plaintiff made. That Defendants undertook a thorough search for relevant documentation prior to the exchange of discovery requests does not mean that Defendants are now failing or refusing to search further. Likewise, that Plaintiff waited to make the majority of her production until requests were served is no evidence of some greater level of compliance with the discovery process.

    On August 14, 2023, Defendants served Plaintiff with their responses and objections to Plaintiff's discovery demands, and at the same time provided an initial draft Electronically Stored Information ("ESI") Protocol with an invitation to discuss particular search terms. After that date, the Parties met and conferred regarding this ESI Protocol and further provided multiple rounds of

October 23, 2023
Page 2

edits on the ESI Protocol, mainly with respect to the proposed search terms.[1] After these rounds of edits, ESI Protocol was fully executed on October 10, 2023. As the Parties have discussed, compliance with the ESI Protocol requires Defendants to contract with a vendor to ensure the searches are completed accurately. Defendants have initiated communications with such a vendor, and the collection process is underway. There is over 100GB of data that will need to be collected and searched pursuant to the ESI Protocol agreed upon by the Parties. As Plaintiff notes, Defendants told Plaintiff that, in light of the scope of the agreed upon search, they would likely be able to complete their responsive production within three weeks. Without seeing the amount of documentation collected through the search, Defendants felt it would not be appropriate to provide a date certain as requested by Plaintiff, though this time estimate is eminently reasonable and would not create such a delay as to warrant motion practice.

Defendants maintain that the ESI production is being completed in a reasonable time considering the circumstances and timeline of discussion between the Parties. Furthermore, Defendants have complied and will continue to comply with their discovery obligations.[2]

## II. Defendants Have Made Legitimate Objections to Requests Beyond the Scope of this Matter

Plaintiff served on Defendants requests seeking, to summarize, identities of WCC employees who had reported "misconduct;" WCC members who have reported "misconduct" of other WCC members; and WCC members who had been subjected to discipline in connection with a complaint of "misconduct" as well as documents concerning the investigation into Plaintiff's complaint of discrimination; other complaints of discrimination by WCC members or employees, including documents pertaining to any investigation into such complaints; and reports of misconduct by WCC members, including any investigation into such reports.

Defendants have not refused to produce documentation concerning Plaintiff's statements alleged in the Complaint to the extent such documentation exists, is non-privileged, and can be gathered pursuant to a reasonable, proportionate search, which will involve application of the aforementioned ESI Protocols.[3] Defendants have, however, objected to the production of documents regarding alleged complaints and investigations beyond the scope of relevance for the instant matter.

Defendants' objection stems from the fact that these requests are unconstrained as to the individuals complaining, individuals complained against, time frame, department within WCC, and, most importantly, type of complaint, including discrimination or misconduct. Plaintiff cannot use this matter as a "fishing expedition" to gather information about Defendants that is entirely

---

[1] During this time period, the Parties also engaged in two mediations.
[2] Notably, the Parties continue to meet and confer regarding Defendants' disputes with Plaintiff's failure to produce certain documentation, and Defendants reasonably anticipate further motion practice may be necessary. As such, further extension of the discovery deadlines may yet be warranted.
[3] Defendants objected to the phrasing of Plaintiff's request, which assumed facts that are central to this dispute, in that it sought documentation related to Plaintiff's complaints of discrimination and retaliation, and Defendants dispute that Plaintiff made any such protected complaints. However, Defendants have already agreed to search for and provide documents related to the statements referenced in Plaintiff's Complaint she alleges are complaints. As such, Defendants do not believe there is an active discovery dispute related to this request.

October 23, 2023
Page 3

unrelated to the complaint she alleges she made, and would not be relevant in any claim or defense either Party could theoretically have. Plaintiff's attempt to seek broader discovery about all member "misconduct" and any and all alleged discrimination at WCC is a tacit admission on two fronts: (1) that she is using this litigation process to seek out as much potentially damaging information about Defendant WCC as possible, and (2) that, since she believes all complaints of "misconduct" or discrimination are sufficiently connected to her complaint to warrant discovery, her own alleged complaint does involve any actionable discrimination under the statutes by which she has brought causes of action against Defendants.

### III. Depositions Should Be Conducted Following the Completion of Document Discovery

During the Parties' meet and confer, Plaintiff's counsel advised that they intend to continue with the depositions of Defendants which have been noticed to date, despite the fact that Defendants' document production has not yet been completed, and that Plaintiff's counsel will reserve the right to continue the depositions after Defendants' document production has been completed. These depositions have been noticed as follows: (1) Tom Nevin, November 1, 2023; (2) Carol Miller, November 3, 2023; (3) Mark Christiana, November 9, 2023.[4]

Defendants do not believe that this is consistent with the Court's Case Management Plan (*see* ECF No. 26). To the extent it is, in light of the anticipated completion of Defendants' document production, as discussed above, Defendants respectfully submit that this is not an efficient use of time, especially where deponents will have to take time off work and appear from out-of-state. As such, Defendants respectfully request that the Court extend all forthcoming deadlines for the completion of discovery by thirty (30) days, with document discovery being completed before depositions commence.

We thank Your Honor in advance for the Court's consideration.

Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ John Mills*

Mercedes Colwin, Esq.
John T. Mills, Esq.
Hannah Kucine, Esq.

CC:   All Counsel of Record (via ECF)

---

[4] Plaintiff's counsel has also advised that they intend to subpoena five (5) non-party witnesses for documents and/or deposition testimony.