

**Valdi Licul**
vlicul@wigdorlaw.com

November 13, 2023

**VIA ECF**

The Honorable Victoria Reznik
Federal Building and United States Courthouse
300 Quarropas St., Room 420
White Plains, NY 10601-4150

   Re: Natalie Grainger v. Westchester Country Club, Inc., et al.;
      Case No. 7:23-cv-01802 (CS) (VR)

Dear Judge Reznik:

We represent Plaintiff Natalie Grainger ("Plaintiff") and write in response to Defendants Westchester Country Club, Inc. ("WCC"), Mark Christiana ("Christiana") and Tom Nevin ("Nevin") (together, "Defendants") letter to request a conference prior to filing a motion to compel ("Pre-Motion Letter"). See Dkt. No. 41.

**I. DEFENDANTS ARE NOT ENTITLED TO EVERY COMMUNICATION PLAINTIFF HAS EVER HAD DURING HER TENURE AT WCC**

As a threshold matter, it is important to set forth exactly what Defendants are seeking in this case, which is all documents between Plaintiff and:

- any current or former WCC employee;
- any current or former WCC member; and
- any current or former WCC Board member

concerning: (1) Christiana, Nevin or any past or present director, officer, or employee of WCC; (2) any of the allegations in the Complaint;[1] and (3) any aspect of Plaintiff's employment with WCC.

Under Rule 26(b), discovery must be "proportional to the needs of the case," considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Here,

---

[1] Of course, Plaintiff does not object to the production of documents concerning allegations in the Complaint.



Defendants requests are plainly disproportionate to the needs of this case and would cause Plaintiff an undue burden and expense to collect, review and produce communications between Plaintiff and anyone ever affiliated with WCC during her tenure.

During a meet and confer on October 23, 2023, upon Plaintiff's counsel citing the overbreadth of the categories of documents requested, Defendants' counsel agreed to "give some thought" to narrowing the scope of their requests to specific individuals presently or formerly affiliated with WCC.  However, later that night, Defendants' counsel reversed course and informed Plaintiff's counsel that Defendants were "not in the position" to narrow the scope of their requests.

According to Defendants, every communication Plaintiff has had with any person currently or formerly affiliated with WCC over the span of almost four years is discoverable.  However, Defendants are engaging in the quintessential "fishing expedition," speculating that, if given enough information, most of which is entirely irrelevant, there will be some piece of evidence that is somehow relevant to Plaintiff's claims.  This is an abuse of the discovery process.

Defendants' Pre-Motion Letter does not proffer any reason how or why communications concerning (i) Christiana, Nevin, or any past or present director, officer, or employee of WCC and (ii) any aspect of Plaintiff's employment are relevant to the theory set forth by Defendants that Plaintiff was friendly with members alleged to have engaged in sexual assault or that another WCC employee was involved in an sexual relationship with another member.  By way of example only, under the current framework of the requests at issue, had Plaintiff sent a text message to a WCC Board member about getting lunch with another WCC Board member from 2018-2022, such would be responsive to Defendants' request.  Put simply, Defendants' requests seeking Plaintiff's communications with anyone ever affiliated with WCC during her tenure are neither relevant nor narrowly tailored to the needs of this case.  See Securitas Elec. Sec., Inc. v. DeBon, No. 20 Civ. 5323 (CM) (KNF), 2021 WL 4461284, at *4 (S.D.N.Y. Sept. 29, 2021) (finding a document request that sought "[a]ll communications between January 1, 2017 and present that concern or mention [defendant]" overly broad because it was not limited in any other respect to the claims and defenses" and, "by its overly broad sweep, encompass[ed] irrelevant information.").

Rather than engage in such a fishing expedition, the more appropriate course of action would be for Defendants to identify specific current or former WCC employees, members and Board members they believe have relevant knowledge and/or documents so that Plaintiff can conduct a narrowed, thorough search for documents.

**II.   PLAINTIFF HAS PRODUCED RELEVANT COMMUNICATIONS IN THEIR ENTIRETY**

Defendants' assertion that Plaintiff has "refus[ed] to indicate how Plaintiff determined where a responsive conversation started or ended" is categorically false.  In fact, during the meet and confer held on October 23, 2023, counsel spoke regarding this issue, and it was explained that the format



in which Plaintiff produced communications were in the exact same form produced to Plaintiff by the e-discovery vendor retained by Plaintiff.

While Defendants have not, to date, produced a single document in connection with Plaintiff's Requests for the Production of Documents, Plaintiff would anticipate Defendants production to be provided in the same manner considering that Defendants represented to the Court on October 24, 2023 that they had also engaged an e-discovery vendor to aid the facilitation of their awaited document production.[2]  To this point, Plaintiff did not "unilaterally determin[e] where responsive documents start and end within a given conversation," rather, communications responsive to terms independently searched by Plaintiff as well as set forth in the ESI protocol provided by Defendants were produced to Defendants in the exact same manner received by Plaintiff.  To be clear, Plaintiff is not withholding portions of any conversations.

Moreover, Defendants suggestion that Plaintiff has used only the ESI protocols to guide the entirety of her search is bellied by the fact that Plaintiff produced hundreds of documents before Defendants provided search terms or an ESI protocol was finalized.  Defendants' total lack of production of documents while simultaneously, and inaccurately, characterizing Plaintiff's production as intentionally incomplete is clear gamesmanship.

For the foregoing reasons, Plaintiff requests that the Court order Defendants to narrowly tailor the requests at issue, or, in the alternative, deny Defendants' request to file a motion to compel on this matter.

Respectfully submitted,

Valdi Licul

Cc: All Counsel of Record (*via* ECF)

---

[2]  On October 24, 2023, during a discovery hearing, the Court directed Defendants to produce documents on a rolling basis every Tuesday in connection with Plaintiff's pre-motion letter to compel (Dkt. No. 36).  To date, Defendants have not produced any documents in connection with Plaintiff's Requests for the Production of Documents.