JOHN T. MILLS
JTMILLS@GRSM.COM
DIRECT DIAL: (212) 453-0778



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

May 28, 2024

**VIA ECF**
Hon. Victoria Reznik
United States District Judge
Southern District of New York
300 Quarropas Street, Room 420
White Plains, NY 10601-4150

     Re:    *Natalie Grainger v. Westchester Country Club, Inc., et al.*
           *Civil Action No. 7:23-cv-01802*_____

Dear Judge Reznik:

    This firm represents Defendants Westchester Country Club Inc. ("WCC"), Mark Christiana and Tom Nevin (collectively, "Defendants") in connection with the above referenced matter. We write to respectfully request that this Court compel non-party Peer T. Pedersen Jr. ("Pedersen")'s compliance with a validly served non-party subpoena *duces tecum* and produce all responsive, non-privilege documentation prior to his deposition, presently scheduled for June 13, 2024, and prior to the June 14, 2024 fact discovery deadline in this matter.

## I.    RELEVANT HISTORY

    On November 7, 2023, Defendants served a non-party subpoena *duces tecum* on Pedersen (the "Subpoena"). A copy of the Subpoena is attached hereto as **Exhibit "A."** The Subpoena seeks documents concerning material issues in this lawsuit, and provides a set of instructions and definitions qualifying these requests, including specification of a relevant time period and request to specify all facts upon which any claim of privilege is based pursuant to Local Civil Rule 26.2. *See* Exhibit "A." Defendants issued this Subpoena after exchange of written discovery showed conclusively that Pedersen, Plaintiff's husband, had significant involvement in Plaintiff's employment at WCC and termination thereof, her interactions with relevant witnesses, and her whereabouts on days when Defendants contend Plaintiff was absent from WCC.

    Also on November 7, 2023, Ethan Brecher, Esq. spoke with the undersigned to confirm that he had been retained to represent Pedersen for purposes of the Subpoena. On November 13, 2023, Mr. Brecher re-confirmed in writing that he was authorized to accept service of the

Page 2

Subpoena, and issued several boilerplate objections to all requests collectively.[1]   That same day, the undersigned asked Mr. Brecher if Pedersen anticipated formally responding to the Subpoena in any aspect, and confirmed that the Subpoena was not seeking documents over which there was a valid claim of spousal privilege, though Defendants reserved all rights with respect to analyzing any specific claims of spousal privilege.

On November 15, 2023, Mr. Brecher responded indicating that Pedersen "would be willing to produce communications relating to the case that he had with people other than his wife and counsel," but only if Defendants agreed to withdraw the Subpoena with prejudice.  When the undersigned asked whether Pedersen intended to respond to the Subpoena at all, Mr. Brecher responded that he had responded by "filing a timely objection under FRCP 45(d)(2)(B)." Defendants' understanding of Pedersen's objection, based upon communications with Mr. Brecher as well as Plaintiff's counsel, was that he felt it sought communications protected by the spousal privilege.  However, as indicated above, the undersigned confirmed to both Mr. Brecher and Plaintiff's counsel that Defendants were not seeking documents over which there was a valid claim of spousal privilege, making Pedersen's objections entirely without merit.  Mr. Brecher never provided any response to the Subpoena other than the boilerplate objections stated in his November 13 email, despite the undersigned's request for a formal response as to any part of the subpoena to which Pedersen did not specifically object.

After the completion of party depositions which confirmed Pedersen's knowledge of facts relevant to all parties' claims and defenses and extensive involvement in the facts underlying this matter, on March 29, 2024, Defendants provided notice to Plaintiff's counsel of a subpoena to be issued for Pedersen's deposition pursuant to Fed. R. Civ. P. 45(D).  On April 12, 2024, Mr. Brecher accepted service of this subpoena[2] and the undersigned requested that Pedersen provide any responsive documentation to the Subpoena prior to his deposition.  Defendants further confirmed (again) that, pursuant to discussions with Plaintiff's counsel, they were agreeing to exclude any documents subject to the spousal privilege in connection with the Subpoena.  Mr. Brecher responded that Pedersen allegedly "timely objected" to the "overbroad" nature of the Subpoena and requested that Defendants provide a "targeted scope of documents" for him to consider.

On May 22, 2024, Defendants conveyed by email that they agreed to add an instruction to the Subpoena that Pedersen "need not produce documents that he contends are subject to the spousal privilege nor will we seek a privilege log at this time, though we reserve the right to question him pertaining to the applicability of the spousal privilege at his deposition and seek further production of documents based on his testimony to the extent privilege does not apply."[3] Given the discovery conducted in this matter to date, Defendants are not in a position to further narrow the scope of the documents sought pursuant to the Subpoena.

---

[1] Pedersen objected to the Subpoena as a whole "on grounds of it being overbroad, harassing, seeks information not relevant to the lawsuit (and/or is not properly tailored to seek information that is relevant), seeks privileged communications, and information that could more readily be obtained from other sources."

[2] Pedersen has not objected to the deposition subpoena beyond his statement regarding the spousal privilege, and his deposition is currently scheduled for June 13, 2024.

[3] On May 17, 2024, the undersigned advised Mr. Brecher that Defendants would issue a revised subpoena schedule, "with the understanding that the documents will need to be produced before the deposition."

Page 3

That same day, Mr. Brecher requested that Defendants serve a new Subpoena, indicated that Defendants "may have to go to court to seek an order to compel," and stated with respect to the deposition and Subpoena that "the spousal privilege issues are obvious we expect that you will not act in a harassing way in intruding in to the privilege." The undersigned advised that the revised instruction was served in lieu of an amended Subpoena. On May 24, 2024, Mr. Brecher again requested a new Subpoena, despite the updated instruction sent on May 22, 2024, and confusingly attached an inapplicable New York State case regarding the spousal privilege, stating that he would "seek sanctions" if Defendants harassed Pedersen "over improper questioning regarding the spousal privilege. That same day, pursuant to Mr. Brecher's repeated requests for a revised Subpoena, Defendants provided a revised Subpoena that contained the same document requests set forth in the original Subpoena, but explicitly included the revised privilege instruction sent by email on May 22, 2024. A copy of the amended Subpoena is attached hereto as **Exhibit "B."** Defendants also requested that Pedersen provide specific bases for any remaining objections and advise on his availability for a meet and confer. Defendants again made clear that they were not seeking documents validly protected by the spousal privilege.

Mr. Brecher responded that he considered this May 24 Subpoena to be an entirely new Subpoena, and that he would need time to evaluate it, despite having been on notice of the revised instruction contained in the amended Subpoena since as early as November 13, 2023. Mr. Brecher also indicated for the first time that he viewed Defendants' May 22 email containing the updated instruction to be a "legal nullity," and that he believed service of the May 24 "new" Subpoena would prevent Defendants from compelling compliance with the Subpoena due to the overarching discovery deadlines in this matter. Due to the continued failure of Pedersen, through his counsel, to engage in good-faith dialogue regarding the subpoena, and his clear delay tactic of using spousal privilege as an overbroad shield to unreasonably refuse compliance with the Subpoena, which can be described as nothing short of frivolous gamesmanship, Defendants put Pedersen on notice that they would be filing a motion to compel.
.

## II.    ARGUMENT

Defendants' Subpoena and amended May 24 Subpoena fully comply with the requirements set forth in FRCP 45(a). *See* FRCP 45. It is undeniably reasonable, and is not overbroad on its face – instead, it seeks only documents from a specific time period that, if existent, would be relevant to multiple issues at the very heart of this litigation: Plaintiff's alleged absences from work, her treatment of co-workers and subordinates, and the very legitimacy of her alleged complaints of discrimination and retaliation. Discovery conducted to date has made clear that Pedersen is likely to have non-privileged documents in his possession that are responsive to some or all of the requests in the Subpoena, the bounds of which have been adequately discussed between counsel for Defendants and Pedersen through repeated attempts to meet and confer. Indeed, it seems that Pedersen himself had relevant conversations without Plaintiff present about this action, about incidents alleged in this action, or reflective of Plaintiff's motivations for bringing this action, so it is unlikely that Defendants would be able to assess this information absent Pedersen's production of responsive documents.

Page 4

Upon accepting service of the subpoena, Pedersen did not move to quash it – instead, he set forth one sentence of boilerplate objections to the subpoena itself, rather than specifying objections to particular document requests contained therein. Pedersen's contention that these boilerplate objections were sufficient to warrant his failure to provide any formal response whatsoever to the Subpoena is entirely insufficient, especially where Defendants have made every effort to modify the subpoena to address what Pedersen has represented to be his main concern with the Subpoena. Furthermore, Pedersen has utterly failed to engage in Defendants' good faith attempts to meet and confer regarding Pedersen's purported issues with the Subpoena as required by this Court. *See* Local Rule 37.2.

Pedersen and his counsel's tactic of delaying compliance with the Subpoena despite repeated requests to provide specific objections to the requests contained therein as required, insisting upon service of an additional Subpoena containing an instruction provided to him by email, and then refusing to respond to the amended Subpoena when it was ultimately served on him is nothing more than bad-faith gamesmanship designed to evade compliance that requires Court intervention. The fact remains that Pedersen accepted service of the Subpoena in November 2023, which contains the very same questions in the amended May 24 Subpoena, and, as such, he has had more than enough time to consider his responses to the requests. The requests in the Subpoena are suitably tailored and undeniably relevant to this action, and therefore Pedersen must adequately respond.

As Pedersen has made clear he does not intend to comply with the Subpoena, or its amended May 24 counterpart, we respectfully request that the Court compel him to comply and provide all responsive, non-privileged documentation as soon as possible. We thank Your Honor for the Court's time and consideration in this matter.

Respectfully submitted,
GORDON REES SCULLY
MANSUKHANI, LLP

By:     */s/ John T. Mills*
         John T. Mills

CC:     All Counsel of Record (via ECF)

         Ethan A. Brecher, Esq. (via electronic mail)
         Law Office of Ethan A. Brecher, LLC
         *Attorneys for Non-Party Peer Pedersen*
         244 Fifth Avenue, Suite B241
         New York, New York 10001
         ethan@ethanbrecherlaw.com