**LAW OFFICE OF ETHAN A. BRECHER, LLC**
244 FIFTH AVENUE, SUITE B241
NEW YORK, NY 10001
_____
TELEPHONE 866-971-0157
WWW.ETHANBRECHERLAW.COM
June 4, 2024

**BY ECF**
Hon. Victoria Reznik
United States District Court
300 Quarropas Street
White Plains, NY 10601

Re: Grainger v. Westchester Country Club, Inc., et al. 7:23-cv-01802

Dear Judge Reznick:

I represent third-party Peer Pedersen Jr., who is the spouse of the Plaintiff and write to oppose Defendants' May 28, 2024 motion to compel his compliance with a subpoena duces tecum dated October 26, 2023. I accepted service of the subpoena on November 13, 2023. The time for compliance with the subpoena was November 22, 2023. In order to invoke the procedures for addressing objections under FRCP 45(d)(2)(B), "the objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."

I timely objected to the subpoena under FRCP 45(d)(2)(B) on November 13, 2023 (see email chain attached hereto as Exhibit 1), on grounds that the subpoena was "overbroad, harassing, seeks information not relevant to the lawsuit (and/or is not properly tailored to seek information that is relevant), seeks privileged communications, and information that could more readily be obtained from other sources." Thus, the procedures for addressing objections under FRCP 45(d)(2)(B)(i) apply. Defendants were thus required to move the Court for an order compelling production, which they did not do. Instead, on November 13, 2023, Mr. Mills asked via email if Mr. Pedersen was going to respond to the subpoena. Mr. Pedersen was concerned, among other things, that the subpoena was seeking communications covered by the spousal privilege and other irrelevant communications. His family has been a member of Defendant Westchester Country Club dating back more than 50 years, so he knows many people there, and the subpoena was seeking communications that appeared completely irrelevant to this case.

In a good faith effort to narrow the scope of the subpoena, on November 15, 2023, I offered a settlement compromise that, in exchange for Defendants withdrawing, the subpoena, Mr. Pedersen would produce the handful of non-privileged communications in his possession relating to the case.

On November 16, 2023. Mr. Mills rejected this proposal but left open the possibility of further discussions. On November 17, 2023, I responded that Mr. Pedersen stood by objection, but would also be willing to entertain further discussions. Mr. Mills' sole response on November 17 was, "So your

1

client does not intend on responding to the subpoena?" I answered on November 17, "We responded by filing a timely objection under FRCP 45(d)(2)(B)." That was it. Mr. Mills made no further efforts to negotiate the terms of the subpoena.

On April 10, 2024, although no subpoena had been served and despite not hearing from Mr. Mills since November 17, 2023, I wrote Mr. Mills that I had learned that he intended to issue a deposition subpoena for Mr. Pedersen.

On April 12, 2024, Mr. Mills emailed a subpoena for Mr. Pedersen's deposition, which was noticed for April 11, 2024. In his April 12, email Mr. Mills wrote that he had discussed the document subpoena with Plaintiff's counsel and had reached an agreement with them to "exclude any documents subject to the spousal privilege in connection with this subpoena, which is attached here. We will need the document production and time to review same in advance of Mr. Pedersen's deposition." Between November 17, 2023 and April 12, 2024 Defendants neither made a motion to compel or any effort to contact me, as Mr. Pedersen's counsel, to address the subpoena duces tecum issued to Mr. Pedersen.

On April 15, 2024, I accepted service of the deposition subpoena by email and wrote regarding the document subpoena, "As you know we timely objected to the overbroad nature of your document subpoena. In an effort to try and resolve any differences, please provide a targeted scope of documents you are looking for so that we may consider it. We reserve all objections." Mr. Mills ignored this email.

On May 17, 2024, I emailed Mr. Mills and wrote, "Neither Mr. Pedersen nor I are available for his deposition next week and I have heard nothing from you since I sent you my email on April 15. I assume Mr. Pedersen's deposition will not be proceeding. If it does we will need to select new dates. Thank you." Mr. Mills answered the same day and wrote, "Yes, we were just typing an email to you. Please let us know dates that you and Mr. Pedersen are available in the coming weeks before June 14. We will follow up with a revised subpoena schedule shortly, with the understanding that the documents will need to be produced before the deposition." Besides addressing scheduling issues for the deposition date, there was no discussion about the document subpoena until May 22, 2024, when Mr. Mills wrote via email in an effort to retroactively amend the previously objected to subpoena from November 2023 saying, "With respect to the document subpoena, while the requests stand, we agree to add an instruction that Mr. Pedersen need not produce documents that he contends are subject to the spousal privilege nor will we seek a privilege log at this time, though we reserve the right to question him pertaining to the applicability of the spousal privilege at his deposition and seek further production of documents based on his testimony to the extent the privilege does not apply."

Mr. Mills did not address the other objections, such as the overbreadth, of the October 26 subpoena. On May 22, 2024, I emailed Mr. Mills and wrote, "As for documents, we already objected to your subpoena and you said you were going to serve a new document subpoena. Please do so and we will review it to see if it is appropriate. We reserve all rights." On May 23, 2024, Mr. Mills responded, "We provided the additional instruction below but the documents sought in the subpoena stand, of course with the additional instruction applied. To the extent you would like a formal subpoena incorporating this instruction, please advise. To the extent that you continue to dispute the scope of documents sought in the subpoena, we are happy to meet and confer but note that there is no obligation for us to move to compel. Your client is obligated to respond to the subpoena or seek appropriate relief with the court. We likewise reserve all rights." On May 24, 2024, I responded, "As you know, we timely

objected to your subpoena under FRCP 45(d)(2)(B) …. It is thus incumbent on you to move to compel compliance, it is not incumbent on us to move for a protective order.  On May 17, 2024 you said you said via email to me that you were going to serve a new subpoena, but you never did. … We will appear at your office for Peer's deposition on June 13, 2024 at 1030am."

On May 24, Mr. Mills provided a long response via email.

Mr. Mills failed for 5 months to take any action on the October 26 document subpoena, even though he could have made a motion to compel during those 5 months, and has now sought in May 2024 to retroactively amend his overbroad October 26 subpoena by purporting to amend its instructions regarding spousal privilege, while ignoring Mr. Pedersen's objections regarding the overbreadth of the subpoena.  He then served a new (and not an amended) document subpoena on May 24, returnable on June 7, that is equally overbroad in scope. Mr. Pedersen's time to object to that subpoena under FRCP 45(d)(2)(B) is June 7, 2024.

The problem here is one of Defendants' own making though their inaction regarding the October 26 subpoena between November 17, 2023 and May 22, 2024.  Under FRP 45, it was incumbent on Defendants to make a motion to compel after the November 13 objection, Defendants waited until too late to address the issue by failing to make a timely motion to compel under this Court's discovery deadline then served an untimely (under this Court's deadline) new document subpoena that is still overbroad and as to which Mr. Pedersen still has until June 7 to object.

Defendants' failure to abide in a timely manner with FRCP 45 and this Court's discovery deadlines is the cause of their problems and their motion to compel should be denied. Mr. Pedersen should not be compelled to produce privileged communications with his spouse or others about matters unrelated to this case, especially in the compressed time period between June 4 and his June 13 deposition.

Notwithstanding the forgoing, Mr.  Pedersen remains willing to produce by the end of the business day June 12, 2024 the documents he offered to produce in November 17, 2023, i.e.,"communications relating to the case that he had with people other than his wife and counsel." It will take this long due to the press of Mr. Pedersen's business the next few days and a long-planned trip out of the country scheduled from June 6-9, 2024, and it will take Mr. Pedersen several days to locate the communications in question.  We thank the Court for its consideration.

Very truly yours,

By:    *Ethan A Brecher*
_____
Ethan A. Brecher
ethan@ethanbrecherlaw.com

Cc: All counsel via ECF

EXHIBIT 1

**Re: Grainger v. WCC, et al.**

Ethan Brecher <ethan@ethanbrecherlaw.com>
Fri 11/17/2023 3:04 PM
To:John Mills <jtmills@grsm.com>
Cc:Hannah Kucine <hkucine@grsm.com>;Valdi Licul <vlicul@wigdorlaw.com>;Kassandra Vazquez <kvazquez@wigdorlaw.com>
Bcc:Peer Pedersen <peertp@gmail.com>

We responded by filing a timely objection under FRCP 45(d)(2)(B).

---

**From:** John Mills <jtmills@grsm.com>
**Sent:** Friday, November 17, 2023 3:02 PM
**To:** Ethan Brecher <ethan@ethanbrecherlaw.com>
**Cc:** Hannah Kucine <hkucine@grsm.com>; Valdi Licul <vlicul@wigdorlaw.com>; Kassandra Vazquez <kvazquez@wigdorlaw.com>
**Subject:** RE: Grainger v. WCC, et al.

So your client does not intend on responding to the subpoena?

---

**John T. Mills** | Partner

**GORDON REES SCULLY MANSUKHANI / GRSM50
YOUR 50 STATE LAW FIRM™**

1 Battery Park Plaza, 28th Floor
New York, NY 10004
D: 212-453-0778 | C: 203-820-1044 | jtmills@grsm.com

www.grsm.com
vCard | Bio | LinkedIn

> **From:** Ethan Brecher <ethan@ethanbrecherlaw.com>
> **Sent:** Friday, November 17, 2023 2:59 PM
> **To:** John Mills <jtmills@grsm.com>
> **Cc:** Hannah Kucine <hkucine@grsm.com>; Valdi Licul <vlicul@wigdorlaw.com>; Kassandra Vazquez <kvazquez@wigdorlaw.com>
> **Subject:** Re: Grainger v. WCC, et al.
>
> John,
>
> I intended the notation about settlement communications to convey that we were open to a discussion about the subpoena. However, your contrary position is noted.
>
> We will stand by the objection we served and if you want to make a motion to compel, we will respond in due course.
>
> In the meantime, if you have a suggestion for limiting your subpoena I am happy to discuss it with my client.
>
> Ethan A Brecher
>
> **From:** John Mills <jtmills@grsm.com>
> **Sent:** Thursday, November 16, 2023 5:57 PM
> **To:** Ethan Brecher <ethan@ethanbrecherlaw.com>
> **Cc:** Hannah Kucine <hkucine@grsm.com>; Valdi Licul <vlicul@wigdorlaw.com>; Kassandra Vazquez <kvazquez@wigdorlaw.com>
> **Subject:** RE: Grainger v. WCC, et al.
>
> Ethan,

At the outset, there is no settlement privilege attached to your email so I am not sure why it is marked "For Settlement Purposes Only." To the extent your email was intended to convey a proposal as to the items sought in the subpoena, your proposal is not acceptable but we are happy to meet and confer to further discuss.

Best,

John

---

**John T. Mills** | Partner

**GORDON REES SCULLY MANSUKHANI / GRSM50**
**YOUR 50 STATE LAW FIRM™**

1 Battery Park Plaza, 28th Floor
New York, NY 10004
D: 212-453-0778 | C: 203-820-1044 | jtmills@grsm.com

www.grsm.com
vCard | Bio | LinkedIn

> **From:** Ethan Brecher <ethan@ethanbrecherlaw.com>
> **Sent:** Wednesday, November 15, 2023 4:43 PM
> **To:** John Mills <jtmills@grsm.com>
> **Cc:** Hannah Kucine <hkucine@grsm.com>; Valdi Licul <vlicul@wigdorlaw.com>; Kassandra Vazquez <kvazquez@wigdorlaw.com>
> **Subject:** Re: Grainger v. WCC, et al.
>
> ---
>
> For Settlement Purposes Only
>
> John,
>
> I have conferred with my client. If you agree to withdraw with prejudice the subpoena you issued to him, my client would be willing to produce communications relating to the case that he had with people other than his wife and counsel. Please let me know if this is acceptable.
>
> Ethan
>
> Ethan A. Brecher, Esq.
> Law Office of Ethan A. Brecher, LLC
> 244 Fifth Avenue
> Suite B241
> New York, NY 10001
> (t)866-971-0157
>
> ethan@ethanbrecherlaw.com
> www.ethanbrecherlaw.com
> Sent from my iPhone
> AV
> Martindale-Hubbell*
> PREEMINENT®
> 2022
> This e-mail is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, the information in this e-mail by persons or entities other than the intended recipient is prohibited and may be unlawful. If you received this in error, please contact the sender and delete the material from any computer.

5/30/24, 10:36 AM

Case 7:23-cv-01802-CS-VR    Document 73    Filed 06/04/24    Page 7 of 9
Ethan Brecher, L.L.C.

On Nov 13, 2023, at 12:35 PM, John Mills <jtmills@grsm.com> wrote:

Thank you.  You had previously confirmed on our call that you were representing Mr. Pedersen and service was effectuated through Wigdor and again on 11/7 per our email below.

Do you anticipate formally responding to the subpoena in any aspect?  As discussed on our call, we understand that certain documents would be subject to the spousal privilege and are not seeking to challenge same (though we reserve rights in this regard).

Thanks,

John

---

**John T. Mills**  |  Partner

**GORDON REES SCULLY MANSUKHANI / GRSM50
YOUR 50 STATE LAW FIRM™**

1 Battery Park Plaza, 28th Floor
New York, NY 10004
D: 212-453-0778  |  C: 203-820-1044  |  jtmills@grsm.com

www.grsm.com
vCard  |  Bio  |  LinkedIn

> **From:** Ethan Brecher <ethan@ethanbrecherlaw.com>
> **Sent:** Monday, November 13, 2023 11:05 AM
> **To:** John Mills <jtmills@grsm.com>
> **Cc:** Hannah Kucine <hkucine@grsm.com>; Valdi Licul <vlicul@wigdorlaw.com>; Kassandra Vazquez <kvazquez@wigdorlaw.com>
> **Subject:** Re: Grainger v. WCC, et al.
>
> Mr. Mills,
>
> I am writing to confirm that I have been retained as counsel for Peer Pedersen Jr. and am authorized to accept the subpoena you issued to him.
>
> I am also writing pursuant to FRCP 45(d)(2)(B) to interpose Mr. Pedersen's obections to all documents and materials sought in the subpoena.  He objects the subpoena on grounds of it being overbroad, harassing, seeks information not relevant to the lawsuit (and/or is not properly tailored to seek information that is relevant), seeks privileged communications, and information that could more readily be obtained from other sources. Mr. Pedersen reserves all rights under FRCP 45 to oppose any motion to compel compliance with the subpoena and to advance any and all available objections to the subpoena.
>
> Ethan A Brecher

---

> **From:** John Mills <jtmills@grsm.com>
> **Sent:** Tuesday, November 7, 2023 4:18 PM
> **To:** Ethan Brecher <ethan@ethanbrecherlaw.com>
> **Cc:** Hannah Kucine <hkucine@grsm.com>
> **Subject:** FW: Grainger v. WCC, et al.
>
> Please see below confirmation from Wigdor that they are authorized to accept service.  I am also attaching a copy of the subpoena again per your confirmation that you are authorized to accept service of same.

**John T. Mills** | Partner

**GORDON REES SCULLY MANSUKHANI / GRSM50**
**YOUR 50 STATE LAW FIRM™**

1 Battery Park Plaza, 28th Floor
New York, NY 10004
D: 212-453-0778 | C: 203-820-1044 | jtmills@grsm.com

www.grsm.com
vCard | Bio | LinkedIn

---

**From:** John Mills
**Sent:** Sunday, November 5, 2023 2:48 PM
**To:** 'Kassandra Vazquez' <kvazquez@wigdorlaw.com>; Valdi Licul <vlicul@wigdorlaw.com>; Mercedes Colwin <mcolwin@grsm.com>; Hannah Kucine <hkucine@grsm.com>
**Subject:** RE: Grainger v. WCC, et al.

Thank you.  Attaching same here again for service per the below.

Best,

John

---

**John T. Mills** | Partner

**GORDON REES SCULLY MANSUKHANI / GRSM50**
**YOUR 50 STATE LAW FIRM™**

1 Battery Park Plaza, 28th Floor
New York, NY 10004
D: 212-453-0778 | C: 203-820-1044 | jtmills@grsm.com

www.grsm.com
vCard | Bio | LinkedIn

---

**From:** Kassandra Vazquez <kvazquez@wigdorlaw.com>
**Sent:** Wednesday, November 1, 2023 11:24 AM
**To:** John Mills <jtmills@grsm.com>; Valdi Licul <vlicul@wigdorlaw.com>; Mercedes Colwin <mcolwin@grsm.com>; Hannah Kucine <hkucine@grsm.com>
**Subject:** RE: Grainger v. WCC, et al.

---

Good morning, John:

Notwithstanding the fact that he will be retaining separate counsel, we are authorized to accept service of Mr. Pederson's subpoena.

Best,

**Kassandra Vazquez**
Associate

212-257-6800
85 Fifth Avenue
New York, NY 10003

**wigdorlaw.com**





🌲 Please consider the environment before printing this e-mail

This communication may contain Confidential or Attorney-Client
Privileged Information and/or Attorney Work Product. If you are not the
addressee indicated in this message or its intended recipient (or
responsible for delivery of the message to such person(s)), do not read,
copy, or forward this message to anyone and, in such case, please
immediately destroy or delete this message, including any copies hereof,
and kindly notify the sender by reply e-mail or phone. Thank you.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is
intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication,
you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this
communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please
immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
http://www.grsm.com