

**Valdi Licul**
vlicul@wigdorlaw.com

June 10, 2024

**VIA ECF**

The Honorable Victoria Reznik
Federal Building and United States Courthouse
300 Quarropas St., Room 420
White Plains, NY 10601-4150

      Re:    Natalie Grainger v. Westchester Country Club, Inc., et al.;
               Case No. 7:23-cv-01802 (CS) (VR)

Dear Judge Reznik:

We represent Plaintiff Natalie Grainger ("Grainger") and write to respectfully request an order quashing Defendants Westchester Country Club, Inc. ("WCC"), Mark Christiana and Tom Nevin (together, "Defendants") subpoena *duces tecum* on Chelsea Piers ("Chelsea Piers Subpoena"), Grainger's former employer. Put simply, the Chelsea Piers Subpoena is intrusive and seeks a broad array of documents that have absolutely no bearing on this litigation.

**I.    BACKGROUND**

Grainger filed this action because Defendants terminated her employment based on her complaints of sex discrimination in violation of federal and local anti-retaliation laws. Defendants, however, contend that, after nearly four years of work where Grainger received overwhelmingly positive feedback, including merit increases, they had non-retaliatory reasons for dismissing her.

On October 26, 2023, Defendants provided notice that they intended to serve a wide-ranging subpoena on Grainger's prior employer, Chelsea Piers, seeking (1) her personnel file; (2) documents concerning her performance; (3) documents concerning her separation from employment; and (4) documents concerning any claims or lawsuits asserted by Grainger concerning her employment at Chelsea Piers. Defendants claimed that this information was somehow related to Grainger's performance at WCC and to determine whether Grainger raised discrimination claims with her prior employer.

Grainger objected and, for nearly half a year, Defendants did not pursue the subpoena. On March 29, 2024, however, Defendants purported to "renew" the subpoena. Again, Grainger promptly objected and sent Defendants authority establishing that the subpoena was improper. On May 15, 2024, Grainger informed Defendants that, even if the subpoena was proper (which it is not), it was wholly unnecessary because Chelsea Piers had already provided Grainger with a copy of her



personnel file.[1]  The parties met and conferred again on May 15, 2024, and June 6, 2024, but could not resolve the dispute.

## II.     SUBPOENAS TO A FORMER EMPLOYER ARE IMPROPER

Courts in this circuit have routinely quashed subpoenas on prior employers finding them improper, especially where, as here, the employer "does not claim that its decision to terminate Plaintiff[] – or any employment actions it took as to [her] between hiring and termination – were in any way influenced by Plaintiff['s] prior employment."  Vuona v. Merrill Lynch & Co., No. 10 Civ. 6529 (PAE), 2011 WL 5553709 (S.D.N.Y. Nov. 15 2011); see Henry v. Morgan's Hotel Grp., Inc., No. 15 Civ. 1789 (ER) (JLC), 2016 WL 303114 (S.D.N.Y. Jan. 25, 2016) (quashing subpoena to former employer); Gambale v. Deutsche Bank, AG, No. 02 Civ. 4791 (HB) (DFE), 2003 WL 115221 (S.D.N.Y. Jan. 10, 2003) (quashing subpoena seeking records from employment search firm related to former employers); Walker v. H&M Henner & Mauritz, L.P., No. 16 Civ. 3818 (JLC), 2016 WL 4742334 (S.D.N.Y. Sept. 12, 2016) (same); Guercia v. Equinox Holdings, Inc., No. 11 Civ. 6775 (TPG), 2013 WL 2156496 (S.D.N.Y. May 20, 2013) (same).

To that end, courts often find that such subpoenas are harassing and prejudicial.  For instance, in Vuona, the court rejected the employer's argument that records from a former employer were relevant to determine whether the employee was "successful at other financial institutions." Vuona, 2011 WL 5553709 at *8.  It reasoned:

> The Court is completely unconvinced that these documents are relevant to this dispute . . . An employee's performance evaluations at one job and work environment may, or may not, bear on his or her success at a future job. Simply put, the issue here is whether [defendant's] decision-making as to Plaintiffs was based on valid considerations or was influenced by gender bias. On the record before the Court, Plaintiffs' work histories have nothing to do with that. And any peripheral relevance the requested documents might conceivably have is decisively outweighed by the potential for harassment or reputational injury presented by a subpoena to such a former employer.

Id.; see also Peddy v. L'Oreal USA, Inc., No. 18 Civ. 7499 (RA) (JLC), 2019 WL 3926984 (S.D.N.Y. Aug. 20, 2019) (quashing former employer subpoenas and noting the "damaging effect" such subpoenas can have on an employee).

Courts have also found such propensity evidence barred by Fed. R. Evid. 404(a).  Rodriguez v. NNR Global Logistics USA Inc., 14 Civ. 1766 (JFB)(AKT), 2016 WL 11673310, at *5 (E.D.N.Y.

---

[1]     Connecticut law provides employees with the right to obtain a copy of their personnel file.  See CT Gen Stat § 31-128b.



Mar. 31, 2016) (citing Ireh v. Nassau Univ. Med. Ctr., No. CV 06-09 (LDW)(AKT), 2007 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008)).

"Simply put, the issue here is whether [Defendants'] decision-making as to [Grainger] was based on valid considerations or whether it was influenced by [retaliation]. . . . [Grainger's] prior work histor[y] ha[s] nothing to do with that." Vuona, 2011 WL 5553709, at *9.[2]

## II.   DEFENDANTS ARE NOT ENTITLED TO GRAINGER'S LITIGAITON HISTORY

The same is true of Defendants' attempt to determine if Grainger asserted claims or filed a lawsuit against Chelsea Piers. Such effort to show that the plaintiff is a "chronic litigant" is wholly improper unless the requesting party can establish that the plaintiff "has filed a series of fraudulent lawsuits and there is substantial evidence that the prior lawsuits amounted to a fraudulent pattern." Outley v. City of New York, 837 F.2d 587, 591-92 (2d Cir. 1988); see Scoma v. City of N.Y., No. 16 Civ. 6693 (KAM) (SJB), 2021 WL 1784385, at *7 (E.D.N.Y. May 4, 2021) (courts "have generally precluded evidence of prior lawsuits to show the plaintiff's litigiousness unless there was evidence that the prior lawsuits were fraudulently filed"); Greenfield v. City of New York, No. 99 Civ. 2330 (AJP), 2000 WL 124992, at *12 (S.D.N.Y. Feb. 3, 2000) (precluding evidence of prior lawsuit because it would be considered highly prejudicial).

Here, of course, Defendants have no basis to assert that Grainger is a "chronic litigant," let alone "substantial evidence" that she has a history of filing "fraudulent lawsuits." Outley, 837 F.2d at 591-92. Accordingly, Defendants' proposed subpoena should be quashed.

We thank the Court for its time and attention to this matter.

Regards,

Valdi Licul

Cc:   All Counsel of Record

---

[2] Even if, arguendo, such information were relevant (which it is not), the subpoena should nevertheless be quashed because Defendants can obtain responsive documents from Grainger, who has possession of her personnel file.