JOHN T. MILLS
JTMILLS@GRSM.COM
DIRECT DIAL: (212) 453-0778



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

June 17, 2024

**VIA ECF**
Hon. Victoria Reznik
United States Magistrate Judge
Southern District of New York
300 Quarropas Street, Room 420
White Plains, NY 10601-4150

    Re:   *Natalie Grainger v. Westchester Country Club, Inc., et al.*
          Civil Action No. 7:23-cv-01802

Dear Judge Reznik:

    This firm represents Defendants Westchester Country Club Inc. ("WCC"), Mark Christiana and Tom Nevin (collectively, "Defendants") in connection with the above referenced matter. We write in response to Plaintiff's letter motion to quash Defendants' subpoena *duces tecum* (the "Subpoena") dated June 10, 2024. For the reasons stated in greater detail below, the Subpoena is sufficiently tailored to request discoverable information, and as such Plaintiff's request must be denied.

    **I.   THE SUBPOENA**

    On October 26, 2023, Defendants made Plaintiff aware of their intent to serve the Subpoena on Plaintiff's prior employer, Chelsea Piers, seeking: (1) her personnel file; (2) documents concerning her job performance; (3) documents concerning her employment separation from Chelsea Piers; and (4) documents concerning any claims or lawsuits asserted by Plaintiff concerning her employment at Chelsea Piers. Defendants made this request after they became aware that Plaintiff's employment separation from Chelsea Piers was due performance-related concerns similar to those for which WCC ultimately terminated Plaintiff's employment, including excessive absences.

    Plaintiff objected to this Subpoena, and the Parties met and conferred on several occasions to discuss the objections. Notably, in light of the objections raised by Plaintiff, Defendants advised that they would hold the Subpoena in abeyance pending the completion of document discovery and deposition testimony. After further discovery – including *multiple* depositions – confirmed the relevance of these documents, Defendants advised Plaintiff that they were renewing the Subpoena, and the Parties continued to meet and confer. During these conversations, Plaintiff represented that she already had her entire personnel file from Chelsea Piers, yet has failed to

Page 2

produce same. Ultimately, the Parties were unable to resolve their disputes related to this Subpoena, and Plaintiff's motion to quash was filed.

For the reasons set forth herein, it is clear that Plaintiff's motion is deficient and must be denied. To be clear, Defendants seek these documents insofar as they are relevant to the claims and defenses in this matter, but also for purposes of cross-examination and rebutting Plaintiff's testimony. Moreover, not only should Plaintiff's motion be denied, Plaintiff should also be compelled to produce the documents in her possession, custody or control from Chelsea Piers.

## II. ARGUMENT

Plaintiff argues that Defendant's Subpoena is improper, in that it (1) is a request for employment records from Plaintiff's former employer, and (2) seeks Plaintiff's litigation history. On both counts, Plaintiff's argument is unpersuasive.

"Because Plaintiff is 'the crucial witness' to her claim of discrimination, 'the question of h[er] credibility [is] essential to the case.'" *Altman v. New Rochelle Pubic School District*, 2017 WL 66326 at *8 (S.D.N.Y. 2017) (quoting *Vichare v. AMBAC Inc.*, 106 F.3d 457, 468 (2d Cir. 1996)). As such, Defendants are undoubtedly permitted to request and examine these documents insofar as they are used for purposes of cross-examination and rebutting Plaintiff's testimony. *See id*. Plaintiff testified at her deposition that her employment at Chelsea Piers was terminated due to a dispute regarding her compensation, but document discovery and deposition testimony of non-party witnesses have established that Plaintiff's employment was actually terminated due to excessive absences related to her untracked travel time. Indeed, this very reason, among others, led to Plaintiff's justified termination from Westchester Country Club. Defendants must be able to seek relevant supporting documentation to confirm their understanding of Plaintiff's contradiction. Plaintiff cannot shield herself from relevant questioning merely because the subject of her initial testimony was her prior employment.

Furthermore, in sharp contrast to cases cited by Plaintiff in her letter motion, the information requested here is entirely relevant to the instant matter. Defendants are not merely requesting Plaintiff's information from her prior employer to see if she had any performance concerns, but rather to confirm their understanding that she displayed the same disregard for her schedule and on-site obligations at her former employer that she did during her time at WCC. If, as Defendants suspect based upon the documents produced and the sworn testimony of non-party witnesses, there is documentation to show that Plaintiff has a very specific pattern of neglecting her employment in a similar position due to excessive absences, and then raising a complaint of discrimination or retaliation only after such excessive absences were noted by her employer, Defendants are surely entitled to discovery on that fact.

Defendants are not seeking to paint Plaintiff generally as an employee who had performance issues at a former job, and then continued to have performance issues at her job at WCC – instead, they seek evidence of an extremely specific and quantifiable pattern of behavior related to the very reason proffered by WCC for Plaintiff's employment termination. Likewise, Defendants are not interested in *all* potential prior litigation brought by Plaintiff in some attempt to paint her generally as a "serial litigant." Defendants merely seek documentation (if existent) related to one prior legal matter that would lend further support for the conclusion that Plaintiff's

Page 3

*modus operandi* is to flout her employment attendance obligations, and then make some legal allegation against her employer after such attendance-related concerns are brought to her attention. This information would go to the very heart of Plaintiff's credibility, as well as the reasonableness or veracity of her claims.

Finally, Plaintiff producing her personnel file would not be sufficient, as Defendants must be able to confirm the completeness and authenticity of her production by securing the documents from her former employer directly.

As such, Defendants respectfully request that Plaintiff's letter motion to quash be denied so that Defendants may serve the Subpoena on Chelsea Piers, and further that Plaintiff is ordered to produce her personnel file from Chelsea Piers.

We thank Your Honor for the Court's time and consideration in this matter.

                                                              Respectfully submitted,

                                                              GORDON REES SCULLY
                                                              MANSUKHANI, LLP

                                              By:    */s/ John T. Mills*
                                                        John T. Mills

CC:    All Counsel of Record (via ECF)